IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CADERO DANIEL KING,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LELAND DUDEK, Acting Commissioner of Social Security,[1]<br><br>　　　　　　Defendant. | 8:24CV330<br><br><br>MEMORANDUM<br>AND ORDER |

　　　　In this case, plaintiff Cadero Daniel King ("King"), proceeding *pro se*, seeks to recover several years' worth of past benefits he alleges he is owed under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* (Filing No. 1).  *See also* 42 U.S.C. § 1383(c)(3) (providing for judicial review of the Commissioner's final determination of an individual's eligibility for supplemental-security-income benefits in the same manner as provided in 42 U.S.C. § 405(g)); *Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995) (explaining "[a] federal district court's jurisdiction to review" an adverse decision "regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides review only of a 'final decision of the [Commissioner] made after a hearing'").  Reporting he began receiving benefits in 2020 after being denied every year between 2012 and 2019, King wants "the administration to take responsibility for their actions in treating [him] terribly and also denying [him his] rights of benefits for well over 8 years."

　　　　In a second complaint embedded within the first, King also purportedly asserts a claim for negligence on essentially the same grounds.  The form document King uses for

---

　　　　[1]Leland Dudek is now the Acting Commissioner of Social Security ("Commissioner").  He is automatically substituted as the defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).  *See also* 42 U.S.C. § 405(g) (providing actions under "this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

that claim alleges jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, but he does not explain how that inapposite statute applies to the government.

On December 13, 2024, the Commissioner moved to dismiss King's complaint without prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust his "administrative remedies to obtain a final decision" (Filing Nos. 13, 15).[2] *See Smith v. Berryhill*, 587 U.S. 471, 475-76 (2019) ("Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court."); *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) (explaining "[e]xhaustion is generally required" to prevent "premature interference with agency processes," to allow the agency to function efficiently and "correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review").

In support of dismissal, the Commissioner maintains § 405(g) provides "the exclusive method of review" of King's claims for benefits and he has not shown that he has met its requirements, including the four-step administrative-review process long required by the governing regulations. *See* 42 U.S.C. § 405(g) (allowing a claimant to seek judicial review of the Commissioner's "final decision" "within sixty days" or as the Commissioner allows), (h) (further limiting judicial review under § 405(g)); 20 C.F.R. §§ 404.900(a) (administrative review); 416.1400 (same); 422.210 (judicial review). As the Commissioner sees it, King's requests for several years of past benefits have either been fully and fairly adjudicated, are "extremely untimely," or both.

---

[2]The government moved for dismissal under Rule 12(b)(6) rather than Rule 12(b)(1) based in part on the decision in *L.N.P. v. Kijakazi*, 64 F.4th 577, 586 (4th Cir. 2023). In that case, the Fourth Circuit stated that exhaustion is not a jurisdictional question under Rule 12(b)(1) when the plaintiff has presented a social-security claim to the Commissioner. *Id.* But it concluded that a district court can dismiss under Rule 12(b)(6) based on exhaustion if the complaint contains sufficient facts to rule on that affirmative defense. *Id.* The government contends the circumstances in this case are sufficient to demonstrate that King fails to state a claim upon which relief can be granted.

The Court referred the matter to the magistrate judge[3] for review. *See* 28 U.S.C. § 636(b)(1)(B) (authorizing such referrals). On February 26, 2025, the magistrate judge issued a Findings and Recommendation (Filing No. 31) recommending the Court grant the Commissioner's motion and dismiss this case. In making that recommendation, the magistrate judge concluded King's claims were untimely and found unpersuasive any suggestion that COVID-19 prevented him "from exhausting his administrative remedies and receiving a final decision." The magistrate judge ultimately determined King "failed to exhaust administrative remedies to obtain a final decision prior to filing with this Court" and failed to show any exception applies. *See, e.g., Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam).

Although the government sought dismissal under Rule 12(b)(6), the magistrate judge concluded "the crux of [the government's] argument was based on sovereign immunity, which is a jurisdictional issue." The magistrate judge therefore recommends the Court dismiss this case "for lack of subject matter jurisdiction."

In rejecting the government's reliance on Rule 12(b)(6) and characterizing the pertinent question as jurisdictional, the magistrate judge relied on *Degnan v. Burwell*, 765 F.3d 805, 807-08 (8th Cir. 2014), in which the Eighth Circuit affirmed the dismissal of an action for Medicare premiums "for lack of subject matter jurisdiction and mandamus jurisdiction based on [the plaintiffs'] failure to exhaust administrative remedies," and on *Turner*, 862 F.2d at 710, in which it determined "the District Court was without subject matter jurisdiction to review the Appeals Council's decision not to reopen [the plaintiff's] claim for benefits" and "to deny an extension of time for filing a civil action in federal district court." To be sure, those cases (and others) provide some tacit support for treating some judicial-review questions in certain social-security cases as jurisdictional. *See also Parker v. Commissioner, SSA*, 845 F. App'x 786, 788 (10th Cir. 2021) (unpublished)

---

[3]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

3

(affirming the dismissal of a claim for supplemental security income for a lack of jurisdiction under Rule 12(b)(1) based on the plaintiff's failure to exhaust administrative remedies under § 405(g) and § 1383(c)(3)).

But, as the government seems to recognize, the lines in these cases are not always entirely clear. *See*, *e.g.*, *Boock*, 48 F.3d at 351-52 (agreeing that subject-matter jurisdiction was lacking under § 405(g) for claims based on the Secretary's nonfinal decisions but concluding the plaintiff's constitutional "claims were probably not so patently frivolous as to fail to confer jurisdiction upon the district court," making dismissal proper under Rule 12(b)(6) rather than Rule 12(b)(1)). That is especially true when, as here, the case involves the added complication of liberally construing cursory *pro se* filings—which often makes it more difficult to decipher the precise contours of the claims and contentions being made. *See Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024) (noting federal courts must "liberally construe pro se filings"). And neither party in this case has cited (nor has the Court found) any Eighth Circuit case directly addressing the precise issues the government raises here based on *L.N.P.*

But the Court is not without some guidance. In *Smith*, the Supreme Court explained that § 405(g) "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'" 587 U.S. at 478 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976))); *accord L.N.P.*, 64 F.4th at 583-85 (discussing *Smith*). Indeed, in *Degnan*, the Eighth Circuit stated that "for the district court to have subject matter jurisdiction under section 405(g), a claimant must have presented a claim for benefits to the Secretary and exhausted the administrative remedies prescribed by the Secretary." *Degnan*, 765 F.3d at 808 (quoting *Schoolcraft v. Sullivan*, 971 F.2d 81, 84–85 (8th Cir. 1992)). Yet the Eighth Circuit clarified that "[c]ourts cannot waive the jurisdictional presentment requirement, but may, in exceptional circumstances, waive the exhaustion of administrative remedies requirement." *Id.*

Here, the government does not say much about its reliance on Rule 12(b)(6) beyond its citation to *L.N.P.* It also has not filed anything in response to the Findings and Recommendation or King's objections. Its primary focus is King's failure to exhaust in a timely manner. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (stating § 405(g)'s "60-day requirement is not jurisdictional, but rather constitutes a period of limitations"). Rather than question whether King can satisfy § 405(g)'s "jurisdictional presentment requirement," *Degnan*, 765 F.3d at 808, the government acknowledges he presented five separate sets of claims for benefits between 2012 and 2020. That leaves only "the latter, nonjurisdictional element of administrative exhaustion." *Smith*, 587 U.S. at 478. The government presumably seeks to account for that limitation (and any uncertainty with respect to the nature of King's claims) by requesting dismissal under Rule 12(b)(6).

In any event, whether the government's challenge is jurisdictional or not makes little practical difference here because the government has requested dismissal without prejudice. *See Boock*, 48 F.3d at 353 (concluding "the district court should, technically, have dismissed [meritless constitutional] claims for failure to state a claim under" Rule 12(b)(6) and affirming nonprejudicial "dismissal on that basis"). The distinction may change the focus of the inquiry, but it does not alter the government's ultimate goal.

King—in contrast—does take issue with the magistrate judge's Findings and Recommendation. Though he does not make specific objections as required by Nebraska Civil Rule 72.2, King has filed multiple documents in response to the Findings and Recommendation (Filing Nos. 32, 33, 34). The Court has liberally construed King's filings as a proper objection where possible. *See Lamar*, 111 F.4th at 907 n.2. In essence, King reiterates his desperate need for backpay, the efforts he has made to obtain it, and the hardship he has suffered. He particularly emphasizes the testimony he has given over the years in support of his requests for benefits and the difficulties the pandemic has caused him and others like him.

5

Section 636(b)(1)(C) requires the Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Having done that and more, the Court finds the Commissioner's motion to dismiss without prejudice should be granted. *See Bowen*, 476 U.S. 484-85 (emphasizing the importance of administrative review and the exceptional nature of excusing a failure to exhaust). In short, the Court agrees that King failed to exhaust his administrative remedies as required for judicial review under § 405(g) and § 1383(c)(3) and has not shown any exception applies. *See, e.g., id.* at 478-79, 482-85 (discussing equitable tolling and waiver); *Boock*, 48 F.3d at 351-53; *Titus v. Sullivan*, 4 F.3d 590, 592 (8th Cir. 1993) ("[I]n order for administrative exhaustion to be waived, claimants must show (1) their claims to the district court are collateral to their claim of benefits; (2) that irreparable injury will follow; and (3) that exhaustion will otherwise be futile.").

Further, to the extent King seeks to pursue a negligence claim against the Commissioner, the claim is barred by § 405(h), which provides, "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 [federal question jurisdiction] or 1346 [United States as a defendant] of Title 28 to recover on any claim arising under this subchapter." *See also Cunningham v. Soc. Sec. Admin.*, 311 F. App'x 90, 92 (10th Cir. 2009) (unpublished) (concluding § 405(h) prohibited tort claims against the agency); *Jarrett v. United States*, 874 F.2d 201, 204 (4th Cir. 1989) ("The language of § 405(h) is unambiguous and precludes the present action [under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*] for the alleged wrongful termination of Social Security benefits.").

Based on the foregoing,

IT IS ORDERED:
1. The Court accepts the magistrate judge's findings that King failed to exhaust his administrative remedies and that this case should be dismissed without prejudice (Filing No. 31).

6

2. King's objections—liberally construed—are overruled (Filing Nos. 32, 33, 34).

3. The Commissioner's Motion to Dismiss (Filing No. 13) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is granted.

4. This case is dismissed without prejudice.

5. A separate judgment will issue.

Dated this 26th day of March 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge